Michael N. Aquino, Esq. (MA6441)
**SALOMON & AQUINO**
100 Hamilton Plaza, Suite 1402
Paterson, NJ 07505
(973) 278-1124
Attorney for Defendant
and Third-Party Plaintiff, Brick City Motors, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVANHOE LAUGIER,<br><br>Plaintiffs,<br><br>vs.<br><br>BRICK CITY MOTORS, Inc. and CHASE AUTO FINANCE CORPORATION, et al.<br><br>Defendants. | CIVIL ACTION No: 13-413 (WHW-CLW)<br><br>**DEFENDANT, BRICK CITY MOTORS, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND TO ANY AND ALL CROSS-CLAIMS OR COUNTER-CLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| BRICK CITY MOTORS, INC.<br><br>Defendant and Third-Party Plaintiff<br><br>vs.<br><br>ROUTE 22 TOYOTA, and 46 AUTO IMPORTS, LLC<br><br>Third -Party Defendants | |

Defendant, Brick City Motors, Inc. named defendant in the above captioned case, by way of answer to plaintiff's First Amended Complaint, states the following:

I. **Preliminary Statement**

Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in this paragraph of the complaint.

II. **Jurisdiction and Venue**

1. Defendant denies that diversity jurisdiction exists. The remaining allegations in paragraph 1 of the complaint set forth legal conclusions to which no responsive pleading is necessary.

2. Defendant admits that venue lies in the Newark Vicinage of this Court.

III. **Parties**

3. Defendant has insufficient knowledge at this time to form a belief as to the truth or veracity of the allegations set forth in paragraph 3 of the complaint.

4. Defendant admits that it is a corporation duly organized and existing under the laws of, and a citizen of the State of New Jersey, that maintains an office located at 346 Broadway Avenue, Newark, New Jersey 07104. Defendant denies the remaining allegations set forth in paragraph 4 of the complaint.

5. Defendant has insufficient knowledge at this time to form a belief as to the truth or veracity of the allegations set forth in paragraph 5 of the complaint.

6. Defendant has insufficient knowledge at this time to form a belief as to the truth or veracity of the allegations set forth in paragraph 6 of the complaint.

7. Defendant has insufficient knowledge at this time to form a belief as to the truth or veracity of the allegations set forth in paragraph 7 of the complaint.

8. The allegations set forth in paragraph 8 of the complaint do not require a response from this defendant.

### IV. Operative Facts

9. Defendant admits that in or about September 8, 2007 Plaintiff executed a contract with Defendant for the purchase of a 2002 BMW 325 XI vehicle. Defendant makes no response concerning the remaining allegations set forth in paragraph 9 of the compliant which set forth legal conclusions to which no responsive pleading is necessary.

10. Defendant admits that Plaintiff paid a $6,000 deposit on the vehicle and financed the remainder vehicle price.

10. [Duplicative Numbering]. Defendant admits that Plaintiff signed an agreement with Defendant, and denies the remaining allegations in paragraph 10, which set forth legal statements and conclusions to which no responsive pleading is necessary.

11. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 11 of the complaint.

12. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 12 of the complaint.

13. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 13 of the complaint.

14. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 14 of the complaint.

15. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 15 of the complaint.

16. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 16 of the complaint.

17. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 17 of the complaint.

18. Defendant admits the allegations set forth in paragraph 18 of the complaint.

19. Defendant admits the allegations set forth in paragraph 19 of the complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the complaint.

21. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 21 of the complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the complaint.

24. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 24 of the complaint.

25. Defendant denies the allegations set forth in the parenthesis to subpart (a) of paragraph 25 of the complaint. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the remaining allegations set forth in paragraph 25 of the complaint.

## COUNT I
### 49 U.S.C. §§32701 et. seq. (Odometers)

26. Defendant repeats and reaffirms each and every answer, denial and averment contained in the above paragraphs, including paragraphs 1 through 25 of the complaint, and incorporate same as though set forth at length herein.

27. Defendant denies the allegations contained in paragraph 27 of the complaint.

28. Defendant denies the allegations contained in paragraph 28 of the complaint.

29. Defendant denies the allegations contained in paragraph 29 of the complaint.

## COUNT II
### Violations of the Consumer Fraud Act, N.J.S.A. 56:8-68 et seq.

30. Defendant repeats and reaffirms each and every answer, denial and averment contained in the above paragraphs, including paragraphs 1 through 29 of the complaint, and incorporate same as though set forth at length herein.

31. Defendant has insufficient knowledge to form a belief as to the truth or veracity of the allegations set forth in paragraph 31 of the complaint.

32. Defendant denies the allegations contained in paragraph 32 of the complaint.

33. Paragraph 33 sets forth legal conclusions to which no legal response is necessary.

**VI. Prayer for Relief**

**WHEREFORE**, having answered fully, Defendant, Brick City Motors, Inc., respectfully request that this Court dismiss the complaint and cast all costs against plaintiff.

## ANSWER TO CROSS CLAIMS AND COUNTERCLAIMS

Defendant and Third-Party Plaintiff, Brick City Motors, Inc., by way of answer to any and all cross-claims or counter-claims asserted against it, denies each and every such claim and denies that any defendant or co-third party defendant would be entitled to contribution and/or indemnification from it.

## SEPARATE DEFENSES

## FIRST DEFENSE

Plaintiff's complaint fails to state or set forth claims against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Defendant asserts each and every affirmative defense set out in F.R.C.P. 8, including, but not limited to, limitation of actions, insufficiency of service of process, improper venue and lack of personal jurisdiction.

## THIRD DEFENSE

If Plaintiff suffered any damages, which is denied by Defendant, such damages were caused by the fault of Plaintiff or others for whom Defendant is neither liable nor responsible, and not as the result of any act or omission of Defendant.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

## FIFTH DEFENSE

Plaintiff's alleged damages were proximately caused by a pre-existing condition that was caused by the actions of others or events, separate, distinct, unrelated and remote to any action or inaction of this Defendant, which said separate, distinct, unrelated actions of others or events were the sole proximate cause of Plaintiff's alleged injuries and damages, if any, for which Defendant cannot be liable, or were such separate, intervening and superseding causes thereof as to absolve Defendant of any responsibility or liability therefor.

## SIXTH DEFENSE

Defendant denies that it was negligent in any way in connection with the sale of the subject BMW, but as to any and all acts of negligence alleged in the complaint, Defendant affirmatively alleges that, upon information and belief, Plaintiff's contributory negligence, comparative fault and other fault caused the damages sought in this action, and that Plaintiff is more than 50% at fault in causing such damages and therefore Plaintiff cannot recover in this action, or the damages should be diminished in proportion to the amount of fault attributed to the Plaintiff.

## SEVENTH DEFENSE

Defendant reserves the right to rely upon such other and further defenses as may become available to it, or apparent during the discovery of this matter and reserves the right to amend its answer to assert any such defenses.

## EIGHTH DEFENSE

At all times relevant hereto, defendants acted in good faith and have not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

## NINTH DEFENSE

Each and every action taken by defendants with respect to plaintiff was based upon reasonable factors.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff is barred from recovery for failure to mitigate damages.

## TWELFTH DEFENSE

Plaintiff's claims are barred because no proximate cause exists between the actions of Brick City Motors, Inc. and the damages alleged.

**WHEREFORE**, having answered fully, defendant, Brick City Motors, Inc. respectfully request that this Court dismiss the complaint and cast all costs against Plaintiff.

## L.CIV.R. 11.2 CERTIFICATION

Defendant, Brick City Motors, Inc., is unaware of any other pending court, arbitration or administrative proceeding which shares the matter in controversy with the above captioned litigation.

## JURY DEMAND

Defendant demands a trial by a jury of six persons on all issues so triable.

## **DESIGNATION OF TRIAL COUNSEL**

Defendant hereby designates Michael N. Aquino as trial counsel in this matter.

           s/ Michael N. Aquino
           Michael N. Aquino, Esq. (MA6441)
           **SALOMON & AQUINO**
           100 Hamilton Plaza, Suite 1402
           Paterson, New Jersey 07505
           (973) 278-1124

Dated:  July 12, 2013